20 July 2013

Clerk of the Court
United States Bankruptcy Court
Eastern District of Virginia
200 South Washington St.
Alexandria, VA 22314

Subject:   Debtors Response to Notice and Motion to Dismiss
           Robert and Deborah Padula
           Case #11-12958-BFK

References (attached):

A. Motion to Dismiss Chapter 13, Notice of Motion to Dismiss and Notice of Scheduled Hearing on This Motion, Filed by Mr. Thomas P. Gorman, Chapter 13 Trustee, dtd July 15, 2013.
B. First Communication (e-mail) to Mr. Thomas Gorman, Trustee, and Mr. Martin Conway, Attorney, from Robert Padula, dtd May 7, 2013, explaining why we did not receive our full tax return from the Commonwealth.
C. Second communication (e-mail) to Mr. Thomas Gorman, dtd June 17, 2013, regarding his letter demanding $428 in additional tax distribution and a reminder to him of our May 7, 2013 communication to him (Ref B).
D. Communication (e-mail) to Mr. Martin Conway from Robert Padula, dtd June 19, 2013, confirming our meeting with Mr. Conway on June 28, 2013 to resolve Mr. Gorman's concerns about the tax distribution.
E. Mr. Martin Conway memo to Mr. Thomas Gorman detailing the reasons Mr. Gorman misinterpreted the amount of VA State tax owed from the Padula's 2012 tax return.

Dear Clerk of the Court,

This letter serves as our timely response and objection to the Motion to Dismiss our Chapter 13 (Ref. A). Mr. Thomas Gorman asks that this Court dismiss our current Chapter 13 Plan because, based on his calculations, he believes that we intentionally withheld a portion of our Commonwealth 2012 tax return in the amount of $428.00. The attached References A-E should provide support to this Court the reasons we disagree with Mr. Gorman and object to his Motion to Dismiss our Chapter 13 Plan.

As such, we respectfully petition this Court to request that Mr. Gorman's rescind his motion to dismiss our Chap. 13 Plan.

Explanations of the attached references and reasons for our request that the Motion to Dismiss our Chapter 13 be dismissed are stated, as follows:

1

**Reference B** reflects our first and timely communication to Mr. Gorman in an effort to explain to him the reasons for the difference in his estimation of our 2012 Commonwealth tax return and the amount actually sent to us by the Commonwealth. Mr. Gorman's brief response indicated that he had too heavy a case load to respond directly to debtors and instructed us to handle this matter through our attorney, Mr. Martin Conway. Before our meeting with Mr. Conway took place, we received a letter from Mr. Gorman stating that we owed the estate $428.00 in tax distribution. This letter was sent to us despite our previous communication to him on this issue.

**Reference C** reflects our second and timely attempt to resolve this matter with Mr. Gorman. The Court will note that our correspondence to Mr. Gorman was clear, respectful, and factual.

**Reference D** reflects confirmation of a meeting with our attorney, Mr. Martin Conway, to resolve Mr. Gorman's concerns and comply with Mr. Gorman's timeline to respond. Based on direction from Mr. Gorman, on June 28, 2013 my wife and I met with Mr. Conway and gave him the tax documentation we received from the Commonwealth which explained why we had not received our full tax refund. Based on the documentation, Mr. Conway agreed that we did not owe Mr. Gorman $428. By Mr. Conway's calculations, we owed Mr. Gorman $128.00 in tax distribution funds. We gave Mr. Conway a check at that time made out to Mr. Gorman in the amount of $128 and asked that the check and supporting documentation be given to Mr. Gorman within the next few days following our meeting (June 28, 2013) in order to comply with Mr. Gorman's timeline to respond. Two weeks later (July 17, 2013), we received Mr. Gorman's Motion to Dismiss our Chapter 13.

We, the Debtors in this matter, did not intentionally withhold from the estate any portion of our 2012 Commonwealth Tax Return. The full amount we received from the Commonwealth was $1,523.00, not the $1,831.00 refund we thought we would receive. The full amount of our Federal refund was $7,770.00. In full, we paid Mr. Gorman $9,043.00, which reflects the amount we received in tax refunds minus the $250.00 allowed in our Plan. After meeting with Mr. Conway on June 28, 2013, we realized that we owed Mr. Gorman an additional $128.00 and gave Mr. Conway a check for $128.00 to give to Mr. Gorman, along with the supporting documentation from the Commonwealth.

Careful review of the U.S.C. Code 1307(c) indicates that Mr. Gorman has implied that we, the Debtors in this matter, have not met our obligations under the conditions of our Chapter 13 Plan to make timely payments to the Chapter 13 Trustee in order for him to meet the agreed upon conditions of regular payment to our creditors. According to the provisions of U.S.C. Code 1307(c), Mr. Gorman is alleging that we, the Debtors in this matter, have caused, "
- "Unreasonable delay of tax refund distribution that is prejudicial to creditors. (U.S.C. Code 1307(c);
- "Non-payment of any fees that are required under the Chapter 13 Plan; and
- Default by the debtor with respect to the terms of a confirmed Plan."
."

We have, for the past 20 months, met all financial obligations and payments as directed by Mr. Gorman and as detailed within our Chapter 13 Plan. Three Interim Reports sent to us by Mr. Gorman's office since the start of our bankruptcy reflects that we have complied with our Chapter 13 Plan 100 percent of the time. As such, why in the world would we would risk noncompliance and dismissal of our Plan over a minor amount of money if it was owed and based on documentation forwarded for review, it was not owed.

It is imperative that the Court clearly understand that we, the Debtors in this matter, fully accept the fact that as the Chapter 13 Trustee, Mr. Gorman has a responsibility to ensure creditors receive a fair and equitable payment for their participation within a Chapter 13.

In addition, as a retired Navy Medical Department Officer having served honorably for 25 years (now retired), I clearly understand good order and the need to comply with rules. My wife continues to serve our country as an employee of the CIA (18 years to date). She also understands the need for compliance and adherence to the rules and regulations that govern society. In total, our combined service to the United States Government covers over 43 years of understanding rules, regulations, orders and following them

Subsequently, for a number of reasons too numerous to mention here, we requested a Chapter 13, and, after meeting Mr. Gorman's stringent requirements, we were granted a Chapter 13 Plan. As such, based on our Chap. 13 Plan we clearly understand our obligations to our creditors, and we appreciate the fact that we are being allowed to get our financial house in order.

We, as Debtors in this matter, do not expect any special treatment. The financial arrangements of our Chapter 13 Plan are clear and precise. The Plan is the Court's permission to us to get back on our financial "feet" and get our financial house in order; as well as to move forward with our lives.

Both my wife and I respectfully ask the Court to remind Mr. Gorman, as Trustee in this matter, that a fair and balanced treatment of "us" as Debtors would be appreciated. Except for this 2012 Commonwealth refund misunderstanding, Mr. Gorman, although strict and uncompromising, has been fair. A dismissal of our Chapter 13, based on a clear misunderstanding, just would not be fair to us.

We respectfully request that the Court read our response, review the appropriate documents from our attorney, review our compliance record, and dismiss Mr. Gorman's Motion to Dismiss our Chapter 13 Plan, thereby allowing us to return to our former full compliance.

Respectfully Submitted,

*Robert M Padula*    *Deborah S Padula*

Robert M & Deborah S. Padula

See Certificate of Service on the following page.

Certificate of Service:

We hereby certify that on 20 July, 2013, we mailed a true copy of the foregoing Response and Supporting Documentation registered return receipt mail to the following parties:

Thomas Gorman
300 North Washington Street, Ste. 400
Alexandria, VA  22314

Clerk of the Court
United States Bankruptcy Court
200 South Washington Street
Alexandria, VA  22314

Martin C. Conway
Attorney for Debtor
12934 Harbor Drive, Suite 108
Woodbridge, VA  222192

/s/ Robert and Deborah Padula

4

UNITED STATES BANKRUPTCY COURT

FOR THE

EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In the Matter of:

ROBERT PADULA
AND
DEBORAH PADULA

Debtors

Chapter 13

Case No. 11-12985-BFK

### MOTION TO DISMISS, NOTICE OF MOTION TO DISMISS AND NOTICE OF SCHEDULED HEARING ON THIS MOTION

Thomas P. Gorman, Chapter 13 Trustee, has filed this motion to dismiss your Chapter 13 case. The cause for this motion is as follows:

**Violation of 11 U.S.C. §1307 (c)** - The Trustee has received the Debtor's 2012 tax returns and based on Trustee's review and calculations the Debtor still owes $428.00 of the tax refund to the estate on account of their tax refunds.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not wish the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then on or before five business days prior to the hearing date, you or your attorney must:

File with the court a written response with supporting memorandum as required by Local Bankruptcy Rule 9013-1(H). Unless a written response and supporting memorandum are filed and served by the date specified, the Court may deem any opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing. If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before five business days prior to the scheduled hearing. You must mail a copy to the persons listed below.

**Notice and Motion to Dismiss**
Robert Padula and Deborah Padula, Case #11-12985-BFK

*Attend the hearing to be held on July 29, 2013 at 1:30 p.m. in Courtroom #3 on the 3rd floor, United States Bankruptcy Court, 200 South Washington Street, Alexandria, VA 22314.* If no timely response has been filed opposing the relief requested, the court may grant the relief without holding a hearing.

A copy of any written response must be mailed to the following persons:

> Thomas P. Gorman
> 300 North Washington Street, Ste. 400
> Alexandria, VA 22314

> Clerk of the Court
> United States Bankruptcy Court
> 200 South Washington Street
> Alexandria, VA 22314

If you or your attorney do not take steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Date: __July 15, 2013_____     __/s/Thomas P. Gorman_____
                               Thomas P. Gorman
                               Chapter 13 Trustee
                               300 N. Washington Street, #400
                               Alexandria, VA 22314
                               (703) 836-2226
                               VSB 26421

### CERTIFICATE OF SERVICE

I hereby certify that I have this 15th day of July, 2013, served via ECF to authorized users or mailed a true copy of the foregoing Motion to Dismiss, Notice of Motion and Notice of Hearing to the following parties.

| | |
|---|---|
| Robert Padula | Martin C. Conway |
| Deborah Padula | Attorney for Debtor |
| Chapter 13 Debtors | 12934 Harbor Drive, Suite 108 |
| 109 Stratford Place | Woodbridge, VA 22192 |
| Stafford, VA 22556 | |

> ___/s/ Thomas P. Gorman_____
> Thomas P. Gorman

# Fwd: 2012 Fed and State returns

**From :** twopadulas@comcast.net                                              Fri, Jul 19, 2013 03:01 PM
**Subject :** Fwd: 2012 Fed and State returns
   **To :** Robert Padula <twopadulas@comcast.net>

**From:** "Thomas P. Gorman" <tgorman@chapter13alexva.com>
**To:** twopadulas@comcast.net
**Cc:** "Martin Conway" <mconway@conwaylawpc.com>
**Sent:** Tuesday, May 7, 2013 1:45:11 PM
**Subject:** RE: 2012 Fed and State returns

Please discuss these matters with Mr. Conway. I'm sure I've asked before, but will ask again now, that you not sent e-mails directly to this address. It's really for attorney and Court communications only. With 3000 or so cases I can't have every debtor plus their attorneys sending me stuff- it gets overwhelming. You're well represented by Mr. Conway, so direct your questions to him. He knows how to get hold of me if he needs something.

Thomas P. Gorman
Chapter 13 Trustee
300 North Washington St., Ste 400
Alexandria, Va. 22314
(703) 836-1113 (Direct)
(703) 836-2226 (Main)
(703) 836-8120 (Fax)

**From:** twopadulas@comcast.net [mailto:twopadulas@comcast.net]
**Sent:** Tuesday, May 07, 2013 1:13 PM
**To:** tom gorman
**Cc:** Martin Conway
**Subject:** 2012 Fed and State returns

Mr. Gorman,

**(Case No. 11-12985-BFK) Order Confirming Plan Entered Dec.15, 2011 as it pertains to Robert & Deborah Padula)**

My wife and I have just received both our federal and state tax returns for 2012 and are preparing to send them to your attention as directed by the Order in our Chapter 13 Confirming Plan and your April 26th, 2013 letter.

<u>I have two minor issues to discuss:</u>

**First Issue:** Do we make out the Certified Check to the "US Bankruptcy Court, Eastern District of Virginia, Alexandria Division" (?) or under your title: "Mr. Thomas P. Gorman, Standing Chapter 13 Trustee. (?)

Please have one of your assistants at the Court advise us as we would like to comply with your directions this week.

**Second Issue:** Your end of April, 2013 communication to my wife and I outlined the Order within our Chapter 13 Plan that stipulated we pay all federal and state income tax returns in excess of $250.00 per year allowed to us in our Chapter 13 case.

We understand that direction and are clearly grateful for the opportunity the Court and Mr. Conway our attorney of record arranged for my wife and I to get our financial house in order and move on to a more responsible and orderly life.

Therefore to ensure we continue to comply with your oversight in the appropriate manner, I wanted to point out a minor variation from the Tax calculations you listed in your April letter.

Your April 26th, 2013 letter from the "Office Of The Chapter 13 Trustee", listed our 2012 federal and state tax returns (based on the original information "we" supplied) as follows:

\> Federal Income Tax Refund : $7,770.00
\> State Income Tax Refund:     $1,831.00
\> Less Annual Exclusion:       - $250.00
-----------------------------------------------------------
\> **Balance Due:**              **$9,351.00**

The reality, based on the recalculation of the State of Virginia, is as follows:

\> **Federal Income Tax Refund: $7.770.00 (Remains Correct)**
\> **State Income Tax Refund we received was $1,523.00. ( It would appear that the state disagreed with "our" calculations of "$1,831.00 and readjusted the amount to $1,523.00.** (Thus, the $1,831.00 we anticipated from the state tax return was reduced by $308.00, thus bringing the tax return to $1,523.00)

\> **Based on the State of VA actions, the money we now have to send to your attention amounts to;**

\> **Fed. Refund = $7,770.00  (Still Correct)**
\> **"New" State Refund= $1,523.00 (Adjusted by the State of VA downward from $1,831.00 to $1,523.00)**

\> **Total of both= $9,223,00**
\> **Less Annual Exclusion of $250.00 = $8,973.00**

Based on the above information it would appear that the check I will be sending to your attention is now **$8,973.00**. If you feel my calculations are in error, please let me know. I will then provide you with the state revenue office phone number so that your assistant can confirm my state tax refund information. (I believe our Social Security numbers are included within our tax return copies sent to your office, should your assistant need those for identification purposes.)

Otherwise, I will send you a Certified Check in the amount of **$8,973.00** as soon as I receive the mailing information "you prefer", mentioned "above" in my "First Issue" of this communication.

Again, Thank You Sir.


Respectfully Submitted,

Dr. Robert M. and Deborah S. Padula

email: mconway@conwaylawpc.com

This electronic message transmission contains information from The Martin Conway Law Firm, a professional law corporation, that may be confidential or privileged. The information is intended for the recipient only and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this transmission is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone (1.855.848.3011) or by fax (1.571-285-3334) or by electronic mail (mconway@conwaylawpc.com).

# Fwd: June 17 Letter -Gorman/Padula Case # 11-12985-BFK Income Tax distribution from 2012 to the Chap. 13 Confirming Plan

**From :** twopadulas@comcast.net                                        Fri, Jul 19, 2013 02:54 PM

**Subject :** Fwd: June 17 Letter -Gorman/Padula Case # 11-12985-BFK Income Tax distribution from 2012 to the Chap. 13 Confirming Plan

**To :** Robert Padula <twopadulas@comcast.net>

**From:** twopadulas@comcast.net
**To:** "Martin Conway" <mconway@conwaylawpc.com>
**Cc:** "Robert Padula" <twopadulas@comcast.net>
**Sent:** Friday, June 28, 2013 1:23:04 AM
**Subject:** June 17 Letter -Gorman/Padula Case # 11-12985-BFK Income Tax distribution from 2012 to the Chap. 13 Confirming Plan

Dear Mr. Gorman,

On June 17, 2013, my wife and I received from your office a letter requesting a additional amount be paid to you in your position as the Standing Chapter 13 Trustee in the amount of $428. The additional request of $428 was predicated on the belief that we received a total sum of $7770 (Fed) and $1831 (State) (Total-$9601 minus the $250 allowed us under the Chapter 13, which would equal $9351)

(Please Note: As I described to you in my first communication on this matter to your office, dated May, 07, 2013, (Enclosure 1) my wife and I <u>did not</u> receive $1831 in relation to our state of VA income tax reimbursement but based on the state of VA calculations (downward) we received a state income tax refund of **$1523.** (State tax amount deposit to Wacovia Bank, enclosure 2 )

Also, when we submitted this information to your office on May 07, 2013 (as directed to do so by your form letter) you fired back that we were not suppose to communicate with your office directly due to your excessive legal case load (3000+) and that we were to utilize our attorney in all future communications pertaining to our Chapter 13 issues.

Subsequently, for some reason, since our last communication on to you on May 07, 2013, your staff was unable to match up what "we" initially thought our 2012 state tax return would be ($1831) which was previously sent to your office (See enclosure 1) with the reality of what we actually received, ($1523) (Also sent to your office by way of explanation in enclosure 1.)

Therefore, please understand that your most recent letter dated June 17, 2013 requesting $428 is in error. My wife and I dutifully submitted to your office, in a prompt manner, our federal tax reimbursement of $7770 and our state tax reimbursement in the sum of $1523 (Total $9293, minus the allowable $250 = $9043 (Your office received a total sum of $8923) ($9043 - $8923, thus, leaving a delta of $120.) Therefore, based on a miscalculation when we sent in the $8923, we are enclosing a check for an additional $120, which should settle the issue.

Hopefully, this resolves your concerns and we will therefore be able to continue our financial recovery without any further misunderstandings.

Sincerely,

Dr. Robert M. Padula

# Fwd: Appointment Reminder Woodbridge

**From :** twopadulas@comcast.net  Fri, Jul 19, 2013 02:56 PM
**Subject :** Fwd: Appointment Reminder Woodbridge
**To :** Robert Padula <twopadulas@comcast.net>

---

**From:** twopadulas@comcast.net
**To:** "Martin Conway" <mconway@conwaylawpc.com>
**Cc:** "Kathryn Gilliland" <Kgilliland@conwaylawpc.com>
**Sent:** Wednesday, June 19, 2013 6:17:48 PM
**Subject:** Re: Appointment Reminder      Woodbridge

Thank you Good Sir. Looking forward to seeing you.

R//

Bob and Deborah

---

**From:** "Martin Conway" <mconway@conwaylawpc.com>
**To:** "Robert and Debbie Padula" <twopadulas@comcast.net>
**Cc:** "Kathryn Gilliland" <Kgilliland@conwaylawpc.com>
**Sent:** Wednesday, June 19, 2013 5:46:15 PM
**Subject:** Appointment Reminder      Woodbridge

Dear Bob and Deborah:

This is to confirm your consultation on 6/28 at 9 am in Woodbridge.  The address is below.

Please go to our website www.conwaylawpc.com for directions.  Click on the Contact Us tab.

If you cannot attend your appointment or teleconference, please contact me at least a day before the scheduled time.

If, on the date of the appointment, you are lost, late or cannot access the office, please give Mr. Conway a call on his direct line at 703-963-1468.  You might want to write down his number in case you need it or print out this email as a handy reference.

Thank you, and have a nice day.

Kathryn Gilliland
Legal Assistant

Herndon Office: 12801 Worldgate Dr., Suite 500, Herndon, VA 20170

Woodbridge Office:
12934 Harbor Drive, #108, Woodbridge, VA 22192

Fredericksburg Office:
1320 Central Park Blvd., Suite 260, Fredericksburg, VA 22401

Richmond Office:
6802 Paragon Place, Suite 449 Richmond, VA 23230

url: www.conwaylawpc.com

# Motion to Dismiss 11-12985-BFK Padula

**From :** Martin Conway <mconway@conwaylawpc.com>                    Thu, Jul 18, 2013 06:55 PM
**Subject :** Motion to Dismiss 11-12985-BFK Padula                   📎 1 attachment
**To :** Thomas Gorman <tgorman@chapter13alexva.com>, Kathryn Gilliland
        <Kgilliland@conwaylawpc.com>
**Reply To :** Martin Conway <mconway@conwaylawpc.com>

Tom --

You have filed a Motion to Dismiss. Attached is my cover letter in response. The state took $310 to pay the Stafford County Personal Property Taxes. The Padulas will be paying the difference to you of $128. The supporting documents will be emailed to you tomorrow.

Thanks

Martin C. Conway

The Martin Conway Law Firm, PC
mconway@conwaylawpc.com
Telephone: 855-848-3011
Fax: 571-285-3334

Woodbridge, VA
T: 1-855-848-3011 F: 571-285-3334
12934 Harbor Drive, #108
Woodbridge, VA 22192

Herndon, VA
T: 1-855-848-3011 F: 571-285-3334
12801 Worldgate Drive, #500
Herndon VA 20170

Fredericksburg, VA
T: 1-855-848-3011 F: 571-285-3334
1320 Central Park Blvd., Suite 260
Fredericksburg, VA 22401

Richmond, VA
T: 1-855-848-3011 F: 571-285-3334
6802 Paragon Place, Suite 410
Richmond, VA 23230

This electronic message transmission contains information from the law firm of The Martin Conway Law Firm, PC, a professional law corporation, that may be confidential or privileged. The information is intended for the recipient only and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this transmission is prohibited. If you have received this electronic transmission in error, please notify us immediately by electronic mail kgilliland@conwaylawpc.com. Thank you.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.
Martin Conway

📎 **Letter concerning Motion to Dismiss.pdf**