## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

IN RE:

ROBERT PADULA,
DEBORAH PADULA,

     Debtors.

Case No. 11-12985-BFK
Chapter 13

## RESPONSE TO DEBTOR DEBORAH PADULA'S MOTION TO AUTHORIZE DEBTOR TO PROSECUTE STATE COURT PERSONAL INJURY ACTION *NUNC PRO TUNC* AS OF FEBRUARY 6, 2014

COMES NOW Defendant, VPSI, INC. (hereinafter "VPSI"), by and through its undersigned counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and pursuant to the Rules of this Court, responds to Debtor Deborah Padula's (hereinafter "Debtor") motion to authorize her to prosecute her state court personal injury action *nunc pro tunc* as of February 6, 2014:

### FACTS

1.    On April 22, 2011, Debtor filed for bankruptcy under Chapter 13. (Doc. 1).

2.    In Debtor's statement of financial affairs, she disclosed that she or her joint debtor were parties in two collection proceedings. (Doc. 10).

3.    On August 12, 2012, Debtor alleged that she was injured in a motor vehicle accident.

4.    On February 6, 2014, Debtor filed suit in the Circuit Court of Prince William County (Case No. CL 14-0973) against Terrence Gregory Maguire and VPSI, Inc. for her alleged injuries in the motor vehicle accident ("Personal Injury Lawsuit"). A copy of Debtor's Complaint from her Personal Injury Lawsuit is attached as Exhibit A.

1

5.      Debtor's Complaint in the Personal Injury Lawsuit did not state or allege that she was suing on behalf of her bankruptcy estate.

6.      On January 15, 2015, VPSI moved for summary judgment in the Personal Injury Lawsuit, arguing that Debtor lacked standing when she sued because Debtor never disclosed the Personal Injury Lawsuit to this Court, the bankruptcy trustee, or her creditors before she sued. Accordingly, VPSI further argued that Debtor was not pursuing her Personal Injury Lawsuit on behalf of her bankruptcy estate as required by Fed. R. Bankr. P. 6009. A copy of Defendants' motion is attached as Exhibit B.

7.      On February 25, 2015 (more than one month after Defendants' moved for summary judgment), Debtor amended her Schedules B and C to disclose her Personal Injury Lawsuit. (Doc. 94).

8.      On February 26, 2015, Debtor moved this Court for an order authorizing her to prosecute the Personal Injury Lawsuit *nunc pro tunc* as of February 6, 2014. (Doc. 95).

9.      A hearing on Defendants' motion for summary judgment in the Personal Injury Lawsuit is scheduled for March 13, 2015.

## POINTS AND AUTHORITIES

Debtor cannot dispute that her Personal Injury Lawsuit is property of her bankruptcy estate because it was acquired after the commencement of her bankruptcy proceeding but before the bankruptcy was closed, dismissed, or converted. *Carroll v. Logan,* 735 F.3d 147, 150-51 (4th Cir.2013) (citing § 1306). "Because all of a debtor's assets and liabilities, including any actual or potential legal claims, are property of the bankruptcy estate, the debtor has an affirmative duty to disclose such assets and liabilities to the bankruptcy court." *Vanderheyden v. Peninsula Airport Comm'n*, No. 4:12CV46, 2013 WL 30065, at *8 (E.D. Va. Jan. 2, 2013).

"This duty does not end when the debtor files her bankruptcy petition; it continues through the pendency of the debtor's bankruptcy proceedings, requiring the debtor to update the bankruptcy court as her financial situation changes." *Id.*; *see also Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir. 2002) ("The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change.").

Despite this duty to disclose, Debtor concealed her potential claim for more than two and a half years, and concealed her Personal Injury Lawsuit for more than one year.  It was not until one month after VPSI moved for summary judgment in the Personal Injury Lawsuit (asserting that Debtor's non-disclosure deprived her of standing in the Personal Injury Lawsuit) that Debtor sought to disclose the Personal Injury Lawsuit to this Court.  Debtor omitted this important fact in her motion *sub judice*.  Allowing Debtor to "rewind" and retroactively amend her "bankruptcy filings, only after [her] omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if [she] is caught concealing them.  Such an approach would only diminish a debtor's incentive to provide a true and complete disclosure of her assets to the bankruptcy courts." *Id.* at *14.  Such an approach should be rejected by this Court. *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d at 1288; *Moses v. Howard Univ. Hosp.,* 606 F.3d 789, 800 (D.C. Cir. 2010); *Guay v. Burack,* 677 F.3d 10, 21 (1st Cir., 2012); *Eastman v. Union Pacific R.R. Co.,* 493 F.3d 1151, 1160 (10th Cir. 2007).

The approach Debtor is asking the Court to adopt here would diminish this incentive even further.  Under Virginia law, standing is determined when a plaintiff files the civil action, and an action filed by a party who lacks standing is a legal nullity that does not toll the statute of limitations. *Kocher v. Campbell*, 712 S.E.2d 477, 480 (Va. 2011).  Recognizing that Debtor

lacked standing when she filed her Personal Injury Lawsuit - and that the statute of limitations has now expired, Debtor asks this Court to assist her in trying to circumvent the holding in *Kocher* by finding that she was authorized to sue on behalf of the estate *nunc pro tunc* as of February 6, 2014.[1]  "The bankruptcy rules were clearly not intended to encourage this kind of inadequate and misleading disclosure by creating an escape hatch debtors can duck into to avoid sanctions for omitting claims once their lack of candor is discovered." *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 321 (3d. Cir. 2003).

VPSI respectfully submits that a *nunc pro tunc* order is simply not permitted under these circumstances.  "The purpose of an order entered *nunc pro tunc* is to correct mistakes or omissions in the record so that the record properly reflects the events that *actually took place*.  It may not be used to retroactively record an event that never occurred or have the record reflect a fact that never existed." *Glynne v. Wilmed Healthcare*, 699 F.3d 380, 383-84 (4th Cir. 2012) (emphasis in original).  *Nunc pro tunc* is a "rarely-used device" with "narrow confines[.]" *Id.* (citing, *e.g., Romero-Rodriguez v. Gonzales*, 488 F.3d 672, 677 (5th Cir.2007) ("Courts ... have traditionally applied nunc pro tunc to correct limited types of errors, namely clerical or other record keeping errors."); *Cent. Laborers' Pension, Welfare & Annuity Funds v. Griffee*, 198 F.3d 642, 644 (7th Cir.1999) ("As we have reminded the district courts time and again, the only proper office of a nunc pro tunc order is to correct a mistake in the records; it cannot be used to rewrite history."); *Recile v. Ward*, 496 F.2d 675, 680 (5th Cir.1974) ("The failure of a court to act, or its incorrect action, can never authorize a nunc pro tunc entry. If a court does not render judgment, or renders one which is imperfect or improper, it has no power to remedy any of these

---

[1] "[W]hen — as here — the debtor *has not* disclosed a pending lawsuit in [her] bankruptcy proceeding, that standing is lacking. Simply put, the debtor cannot be said to be pursuing the claims on behalf of the estate when [she] has not even disclosed their existence to the estate." *Cowling v. Rolls Royce Corp.*, 2012 WL 4762143, *5 (S.D. Ind. 2012)

errors or omissions by treating them as clerical misprisions." (internal quotation marks omitted)), *modified on other grounds*, 503 F.2d 1374 (5th Cir. 1974); *Crosby v. Mills*, 413 F.2d 1273, 1277 (10th Cir.1969) ("An order may be entered *nunc pro tunc* to make the record speak the truth but it cannot supply an order which in fact was not previously made."); *Matthies v. R.R. Ret. Bd.*, 341 F.2d 243, 246 (8th Cir.1965) ("An entry *nunc pro tunc* is an entry made now of something which was previously done, to have effect as of the former date, the function, object, or purpose of such entry being to make the record speak the truth.... It is not, on the other hand, the function of such entry by a fiction to antedate the actual performance of an act which never occurred...." (internal quotation marks omitted))).

Here, Debtor neither timely notified this Court nor timely moved for this Court to authorize her to prosecute the Personal Injury Lawsuit.  Indeed, this Court could not have entered an order on February 6, 2014 because Debtor never disclosed her Personal Injury Lawsuit to this Court.  What this Court did not do on February 6, 2014, cannot be done now simply by use of the words "nunc pro tunc."  *Glynne*, 699 F.3d at 384-85 (4th Cir. 2012).  Debtor's motion (Doc. 95) should be denied.

WHEREFORE, Defendant VPSI, Inc. respectfully requests that this Honorable Court deny Debtor's motion to authorize her to prosecute her state court personal injury action *nunc pro tunc* as of February 6, 2014, and for such other and further relief as may be just and proper.

Date:  March 4, 2015

VPSI, INC

By Counsel

BONNER KIERNAN TREBACH & CROCIATA, LLP

Craig L. Sarner, Esq. (VA Bar #37384)
1233 20th Street, NW
Suite 800
Washington, DC 20036
Telephone:  (202) 712-7000
Facsimile:  (202) 712-7100
ablock@bonnerkiernan.com
**Counsel for VPSI, Inc.**

### CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March, 2015, a true copy of the foregoing **Response to Debtor Deborah Padula's Motion to Authorize Debtor to Prosecute State Court Personal Injury Action Nunc Pro Tunc as of February 6, 2014** was served electronically *via* CM/ECF to:

Thomas P. Gorman, Trustee
300 N. Washington Street, Suite 400
Alexandria, VA 22314

John T. Donelan, Esq.
125 South Royal Street
Alexandria, VA 22314
**Co-Counsel for Plaintiff**

Martin C. Conway, Esq.
12934 Harbor Drive, Suite 108
Woodbridge, VA 22192
**Co-Counsel for Plaintiff**

Craig L. Sarner, Esq. (VA Bar #37384)

# EXHIBIT A
# (Complaint)

VIRGINIA:

## IN THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY

DEBORAH PADULA

     Plaintiff,

v.                              Case No. CL14-973

TERENCE GREGORY MAGUIRE

    SERVE:    8 Hampshire Court
                  Stafford, VA 22554

              And

VPSI, INC.

    SERVE:    R/A: CT Corporation System
                  4701 Cox Road
                  Suite 285
                  Glen Allen, VA 23060

              Defendants

## COMPLAINT

COMES NOW your plaintiff, Deborah Padula ("Padula"), by counsel, and moves for judgment against the Defendants, on the grounds and in the amount as hereinafter set forth:

1.    On or about August 12, 2012, Plaintiff Padula was a passenger in a vehicle, traveling in the Commonwealth of Virginia.

2.    At the time and place aforesaid, Defendant Terence Gregory Maguire ("Maguire") was the driver of the vehicle that caused a collision with the vehicle in which Plaintiff was a passenger.

3.    At the same time and place, Defendant Maguire was operating a motor vehicle, while in the course and scope of his employment with Defendant VPSI, Inc., when he

*Padula v. Maguire, et al*
*Complaint*
*Page 2 of 3*

negligently caused the collision at issue.    Based upon the principles of *respondeat superior*,

Defendant VPSI, Inc.,  and/or its/their successors and/or assigns, is/are responsible for Defendant

Maguire's previously mentioned negligence and resulting damages, as set forth later in this

Complaint.

      4.     At the same time and place, it was Defendant Maguire's duty to keep a proper

lookout, to keep his vehicle under proper control, to operate his vehicle at a safe and reasonable

speed under the circumstances then and there existing, to obey traffic signals, and to pay full

time and attention to his driving. Defendant Maguire failed in these and other respects and his

driving conduct constituted negligence.

      5.     As a direct and proximate cause of the negligent conduct of Defendant Maguire as

aforesaid, Plaintiff Padula sustained lost wages and will sustain lost wages in the future;

sustained serious and permanent bodily injuries; incurred and will incur in the future great pain,

suffering, and inconvenience; also incurred and will incur in the future medical and other

expenses in an effort to be cured of her injuries; and finally, is not able to fully enjoy all aspects

of her life as a result of the injuries she sustained.

      WHEREFORE, your Plaintiff, Deborah Padula, by counsel, seeks judgment against the

Defendants, jointly and severally, in the amount of TEN MILLION AND ZERO CENTS

($10,000,000.00), plus interest from August 12, 2012, plus the costs of this proceeding.

      TRIAL BY JURY IS DEMANDED.

                                  Deborah Padula
                                  By Counsel

*Padula v. Maguire, et al*
*Complaint*
*Page 3 of 3*

_____

James R. Parrish, Esquire (VSB# 43090)
Parrish Law Firm, PLLC
9214 Center Street, 3rd Floor
Manassas, VA 20110
(571) 229-1800 x203 Office
(703) 906-4229 Cell
(571) 229-1818 Fax
(703) 991-7096 eFax
*Counsel for Plaintiff*

# EXHIBIT B
# (Motion for Summary Judgment)

VIRGINIA:

## IN THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY

DEBORAH PADULA                                    :
                                                  :
    Plaintiff                  :
                                                  :
v.                                                :        Case No.: CL 14-0973
                                                  :
TERENCE GREGORY MAGUIRE, et al.                   :
                                                  :
    Defendants                 :

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant, **VPSI, Inc.** (hereinafter "VPSI" or "Defendant"), by and

through its undersigned counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and

pursuant to Rule 3:20 of the Virginia Supreme Court, hereby respectfully moves for Summary

Judgment in the above captioned case. Defendant avers that the facts concerning Plaintiff's

bankruptcy are not in dispute. These facts show that Plaintiff lacks standing to bring this

action. These facts also show that the statute of limitations has expired for Plaintiff to

properly bring this action. Therefore, summary judgment is appropriate. In support thereof,

Defendant refers this Honorable Court to the attached Statement of Undisputed Facts and

Memorandum of Points and Authorities.

Dated: January 15, 2015          Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**


Heather S. Deane, Esquire, VSB 41895
Adam D. Michel, Esquire, VSB 87821
1233 20th Street, N.W., Suite 800
Washington, DC 20036
Telephone (202) 712-7000
Facsimile (202) 712-7100
hdeane@bonnerkiernan.com
amichel@bonnerkiernan.com
*Counsel for Defendant*

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of January, 2015 a true copy of the foregoing

*Defendant's Motion for Summary Judgment, Statement of Undisputed Facts, and*

*Memorandum in Support of Defendant's Motion for Summary Judgment* was served *via* first-

class mail, postage prepaid, to:

> James R. Parrish, Esquire
> Parrish Law Firm, PLLC
> 10620-C Crestwood Drive
> Manassas, Virginia  20109
> (571) 229-1800 x203 Office
> (703) 906-4229 Cell
> (571) 229-1818 Fax
> (703) 991-7096 eFax
> http://www.theparrishlawfirm.com/

Heather S. Deane /APm

Heather S. Deane

VIRGINIA:

IN THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY

DEBORAH PADULA                                        :
                                                      :
      Plaintiff                                   :
                                                      :
v.                                                    :        Case No.: CL 14-0973
                                                      :
TERENCE GREGORY MAGUIRE, et al.                       :
                                                      :
      Defendants                                  :

### STATEMENT OF UNDISPUTED FACTS

The following facts are not in dispute:

1.    On April 22, 2011, Plaintiff filed for bankruptcy under Chapter 13 of the Bankruptcy Code. *See* Plaintiff's Petition for Bankruptcy, attached hereto as **Exhibit A**.[1]

2.    In response to Item 21 of Bankruptcy Schedule B, which required the identification of "[o]ther contingent and unliquidated claims of every nature," Plaintiff represented to the bankruptcy court that she had no such claims. *See* Bankruptcy Schedules B and C, attached hereto as **Exhibit B**.

3.    Plaintiff only identified herself or her joint debtor as a defendant in two collection proceedings in the Statement of Financial Affairs, which required Plaintiff to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." Plaintiff failed to identify this case as an applicable suit. *See* Plaintiff's Statement of Financial Affairs, attached hereto as **Exhibit C**.

---

[1] "[W]here the plaintiff specifically bases [her] right of action on something which appears in the record of the prior case...in that instance, the court will take judicial notice of the record of the former case." *Cook, Heyward, Lee, Hopper & Feehan, P.C. v. D'Eramo*, 2007 Va. Cir. LEXIS 267, at *4 (Oct. 15, 2007) (citing *The Law of Evidence in Virginia, 6th Edition*, Charles E. Friend, § 19-12, footnote 7).

4.      Plaintiff's bankruptcy is currently ongoing.  *See* Plaintiff's Bankruptcy Docket, attached hereto as **Exhibit D**.

5.      This case arises from an auto accident that occurred on or about August 12, 2012.  *See* Complaint, ¶¶ 1-2, attached hereto as **Exhibit E**.

6.      Plaintiff has never amended her Schedules or Statement of Financial Affairs to disclose any potential claims against Defendants or this lawsuit.  *See* Exhibit D.

Dated: January 15, 2015          Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**


Heather S. Deane, Esquire, VSB 41895
Adam D. Michel, Esquire, VSB 87821
1233 20th Street, N.W., Suite 800
Washington, DC 20036
Telephone (202) 712-7000
Facsimile (202) 712-7100
hdeane@bonnerkiernan.com
amichel@bonnerkiernan.com
*Counsel for Defendant*

2

VIRGINIA:

## IN THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY

DEBORAH PADULA                           :
                                         :
     Plaintiff                          :
                                         :
v.                                       :          Case No.: CL 14-0973
                                         :
TERENCE GREGORY MAGUIRE, et al.          :
                                         :
     Defendants                         :

### MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant, **VPSI, Inc.** (hereinafter "VPSI" or "Defendant"), by and through its undersigned counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and pursuant to Rule 3:20 of the Virginia Supreme Court, respectfully moves for Summary Judgment in the above captioned case. In support thereof, Defendant states as follows:

## I.    BACKGROUND

On April 22, 2011, Plaintiff filed for bankruptcy under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia. *See* Plaintiff's Petition for Bankruptcy, attached hereto as **Exhibit A**.[2] Subsequent to this filing, but prior to dismissal, closure, or conversion of the bankruptcy, the accident that is the subject of the above captioned suit occurred. Under bankruptcy law, Plaintiff had a clear duty to disclose this claim to the bankruptcy court, but failed to do so. *Vanderheyden v. Peninsula Airport Com'n*, No. 4:12CV46, 2013 WL 30065, *8 (E.D. Va. Jan. 2, 2013) ("Because all of a debtor's assets and liabilities, including any actual or potential legal claims, are property of

---

[2] "[W]here the plaintiff specifically bases [her] right of action on something which appears in the record of the prior case…in that instance, the court will take judicial notice of the record of the former case." *Cook, Heyward, Lee, Hopper & Feehan, P.C. v. D'Eramo*, 2007 Va. Cir. LEXIS 267, at *4 (Oct. 15, 2007) (citing *The Law of Evidence in Virginia, 6th Edition*, Charles E. Friend, § 19-12, footnote 7).

the bankruptcy estate, the debtor has an affirmative duty to disclose such assets and liabilities to the bankruptcy court. [Citations] This duty does not end when the debtor files her bankruptcy petition; it continues through the pendency of the debtor's bankruptcy proceedings, requiring the debtor to update the bankruptcy court as her financial situation changes."). By failing to amend her schedules and statement of financial affairs, Plaintiff lacked standing to prosecute this lawsuit; only her bankruptcy estate had such standing. *Cowling v. Rolls Royce Corp.*, 2012 WL 4762143, *5 (S.D. Ind. 2012) ("Because he has not disclosed the lawsuit, he does not have standing to bring the claims he asserts here."). Further, because the statute of limitations is not tolled by suits where the plaintiff lacks standing, the statute of limitations has expired and Defendant is entitled to summary judgment. *Kocher v. Campbell*, 712 S.E. 477, 479-80 (Va. 2011).

## II.    LEGAL STANDARD

Rule 3:20 of the Rules of the Supreme Court of Virginia allows for summary judgment based upon facts and admissions that are not in dispute between the parties. The standard held for such a motion is a high one and any doubt or dispute as to the evidence is to be resolved in favor of the non-moving party. *See, e.g., Costner v. Lackey*, 223 Va. 377, 290 S.E.2d 818 (1982). Although the Defendant recognizes that summary judgment is rarely granted by the trial courts in Virginia, in this instance, even with all inferences taken in favor of the Plaintiff, there is simply no way that Plaintiff has standing to bring this action. Consequently, summary judgment is appropriate.

## III.    ARGUMENT

When a debtor *has* disclosed a potential cause of action or pending lawsuit in her bankruptcy proceeding, she can have standing to pursue a lawsuit on behalf of the bankruptcy

306283-1

estate. *Cowling*, 2012 WL 4762143 at *5. "However, when — as here — the debtor *has not* disclosed a pending lawsuit in [her] bankruptcy proceeding, that standing is lacking. Simply put, the debtor cannot be said to be pursuing the claims on behalf of the estate when [she] has not even disclosed their existence to the estate." *Id.* To conclude Plaintiff lacks standing, this Court need only find (1) the instant cause of action is part of Plaintiff's Chapter 13 bankruptcy estate, and (2) Plaintiff failed to disclose her cause of action in bankruptcy before filing suit. If the Court finds both statements true, Plaintiff did not sue "on behalf of her bankruptcy estate" and, therefore, lacks standing. Both conditions are present, so Plaintiff lacks standing and Defendant is entitled to summary judgment.

A.    **Plaintiff's claims are property of her Chapter 13 bankruptcy estate.**

Section 541 provides a debtor's bankruptcy estate includes virtually all the debtor's assets owned when the bankruptcy petition is filed, including inchoate personal injury claims. *Kocher*, 712 S.E. at 479 ("All the legal and equitable interests in property that the debtor had before the petition was filed pass to and become a part of the bankruptcy estate, under the control of the trustee, 11 U.S.C. § 541."). Plaintiff's Chapter 13 bankruptcy estate also includes all § 541 property acquired after the commencement of the bankruptcy but before the bankruptcy is closed, dismissed, or converted. *Carroll v. Logan,* 735 F.3d 147, 150-51 (4th Cir.2013) (citing § 1306).

Here, Plaintiff's cause of action arose after commencement of the Chapter 13 bankruptcy but before it was closed, dismissed, or converted. Thus, Plaintiff's causes of action became property of the bankruptcy estate. *In re Waldron*, 536 F.3d 1239, 1242 (11th Cir. 2008) ("We conclude, based on the plain language of section 1306(a), that Mr. Waldron's claims are property of the estate. Mr. Waldron acquired his claims for underinsured-motorist

306283-1

benefits after the commencement of the Waldrons' bankruptcy case but before their case was dismissed, closed, or converted."). The first element is satisfied, and Plaintiff lacks standing unless she properly disclosed the existence of this cause of action.

### B.    Plaintiff's non-disclosure of this case deprives her of standing.

The law in Virginia is well-established that Chapter 7 debtors lack standing for any pre-petition asset not properly disclosed to the bankruptcy court. *Kocher*, 712 S.E.2d at 480. Even subsequent disclosure cannot cure a lack of standing because actions filed when the plaintiff lacked standing are a legal nullity. *Id.* Chapter 13 bankruptcies are no different.

Under Chapter 13, "debtors have standing to bring causes of action in their own name on *behalf of the estate*." *Wilson v. Dollar General Corp.*, 717 F.3d 337, 344 (4th Cir. 2013) (emphasis added). But, the test for whether the debtor is acting on behalf of the estate is whether the debtor has properly disclosed the cause of action in bankruptcy. The logic of this conclusion is clear because a debtor cannot be acting on behalf of the bankruptcy estate to recover on a civil claim if no other party to the bankruptcy knows the case exists. *Cowling*, 2012 WL 4762143 at *5 ("Because he has not disclosed the lawsuit, he does not have standing to bring the claims he asserts here."); *Pierce v. Visteon Corp.*, 2013 WL 3225832, at *17 (S.D. Ind. 2013):

> "Adams' pending bankruptcy is under Chapter 13; therefore, she could, if she raises the issue in her petition and so states, bring her claim on behalf of her bankruptcy estate....However, as previously mentioned, Plaintiffs present no evidence that Adams intends to bring her claim on behalf of her bankruptcy estate or has disclosed her claim in her pending bankruptcy. In the absence of such evidence, Adams does not have standing to bring her claim."

When a Chapter 13 debtor pursues an undisclosed asset, the debtor is pursuing the claim for her *own* benefit because she would not have to share any recovery from an undisclosed claim with her creditors. Such a debtor lacks standing. *Id.*

306283-1

Because this cause of action is property of Plaintiff's bankruptcy estate, Plaintiff only had standing if she was acting on behalf of the estate. Plaintiff's pursuit of this lawsuit, however, is for her *own* benefit, not the benefit of her bankruptcy estate. By not disclosing this case, Plaintiff has not brought this cause of action on behalf of the estate and, therefore, lacks standing. *Id.*

### C.    Defendant is entitled to summary judgment.

Plaintiff's non-disclosure deprives her of standing because, as a matter of both law and common sense, Plaintiff did not act "on behalf of the estate" when she filed this undisclosed cause of action. But, even if Plaintiff discloses this case to the bankruptcy court now, summary judgment in favor of Defendant is appropriate.

Under Virginia law, standing is determined when a plaintiff files the civil action. *Kocher,* 712 S.E. at 480. The Virginia Supreme Court has repeatedly held, "an action filed by a party who lacks standing is a legal nullity." *Id.* (citing *Johnston Memorial Hospital v. Bazemore,* 672 S.E.2d 858, 860 (Va. 2009)). Under this precedent, even if Plaintiff attempts to cure her lack of standing, Defendant is still entitled to summary judgment because she lacked standing at the time suit was filed.

Further, the statute of limitations on Plaintiff's action has expired, which makes refiling the action a futile act. As the *Kocher* court explained, an action filed by a party without standing is a legal nullity:

> [That action] has no tolling effect on the statute of limitations and furnishes no basis for a nonsuit. Standing acquired after the statute of limitations has run cannot be retroactively applied to cure the lack of standing that existed when the action was filed.

306283-1

*Id.* at 480.  The two year statute of limitations to Plaintiff's cause of action is Code § 8.01-

243.  Under that section, Plaintiff must have filed a valid cause of action by August 11, 2014.

Having failed to do so, Plaintiff's non-disclosure bars her from pursuing this lawsuit.

## IV.    CONCLUSION

Plaintiff's failure to disclose this cause of action to the bankruptcy court, trustee, and

her creditors renders her without standing because she is not bringing this case on behalf of

her bankruptcy estate.  Further, because Plaintiff lacked standing when she sued, this case is a

legally nullity and does not toll the applicable—and now expired—statute of limitations.[3]

Consequently, Defendant VPSI, Inc. is entitled to summary judgment.

Dated: January 15, 2015          Respectfully submitted,

                                 **BONNER KIERNAN TREBACH & CROCIATA, LLP**


                                 Heather S. Deane, Esquire, VSB 41895
                                 Adam D. Michel, Esquire, VSB 87821
                                 1233 20th Street, N.W., Suite 800
                                 Washington, DC 20036
                                 Telephone (202) 712-7000
                                 Facsimile (202) 712-7100
                                 hdeane@bonnerkiernan.com
                                 amichel@bonnerkiernan.com
                                 *Counsel for Defendant*

---

[3] Defendant notes that a non-suit cannot be sought by Plaintiff under these circumstances and cannot be used to remedy this issue.  Virginia courts have recognized that an action filed by a party who lacks standing is a legal nullity and furnishes no basis for a nonsuit.  *Kocher v. Campbell,* 712 S.E. 477, 480-1 (Va. 2011), citing *Johnston Memorial Hospital v. Bazemore,* 277 Va. 308, 312, 672 S.E.2d 858, 860 (2009) (holding that "although Code § 8.01-380(B) grants one nonsuit 'as a matter of right,' only a validly pending proceeding can be nonsuited.")

306283-1

# EXHIBIT A

B1 (Official Form 1)(4/10)

| United States Bankruptcy Court<br>Eastern District of Virginia | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Padula, Robert** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Padula, Deborah** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-3302** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-5457** |
| Street Address of Debtor (No. and Street, City, and State):<br>**109 Stratford Place**<br>**Stafford, VA**<br>ZIP Code **22556** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**109 Stratford Place**<br>**Stafford, VA**<br>ZIP Code **22556** |
| County of Residence or of the Principal Place of Business:<br>**Stafford** | County of Residence or of the Principal Place of Business:<br>**Stafford** |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7  ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 9    of a Foreign Main Proceeding<br>☐ Chapter 11<br>☐ Chapter 12  ☐ Chapter 15 Petition for Recognition<br>■ Chapter 13    of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>■ Debts are primarily consumer debts,  ☐ Debts are primarily<br>  defined in 11 U.S.C. § 101(8) as    business debts.<br>  "incurred by an individual primarily for<br>  a personal, family, or household purpose." |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter)*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**

■ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

A TRUE COPY TESTE:
WILLIAM C. REDDEN CLERK

BY _____

DEPUTY CLERK

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(4/10)                                                                                                                    Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Padula, Robert<br>Padula, Deborah |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location<br>Where Filed: - None - | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor:<br>- None - | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X /s/ Martin C. Conway                                      April 22, 2011<br>Signature of Attorney for Debtor(s)                          (Date)<br>Martin C. Conway 34334 |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord that obtained judgment)

_____

(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(4/10)                                                                                          Page 3

## Voluntary Petition

*(This page must be completed and filed in every case)*

Name of Debtor(s):
**Padula, Robert**
**Padula, Deborah**

### Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **/s/ Robert Padula**
Signature of Debtor  **Robert Padula**

X  **/s/ Deborah Padula**
Signature of Joint Debtor **Deborah Padula**

Telephone Number (If not represented by attorney)

**April 22, 2011**
Date

### Signature of Attorney*

X  **/s/ Martin C. Conway**
Signature of Attorney for Debtor(s)

**Martin C. Conway 34334**
Printed Name of Attorney for Debtor(s)

**Pesner Kawamoto Conway, PLC**
Firm Name

**7926 Jones Branch Drive**
**Suite 930**
**McLean, VA 22102**

Address

Email: **bankruptcy@pkc-law.com**
**(703) 506-9440  Fax: (703) 506-0929**
Telephone Number

**April 22, 2011**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Eastern District of Virginia

In re   Robert Padula
       Deborah Padula

Debtor(s)

Case No.
Chapter   13

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ___

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                          Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    /s/ Robert Padula
                        Robert Padula

Date:    April 22, 2011

Certificate Number: 03621-VAE-CC-014589608



03621-VAE-CC-014589608

# CERTIFICATE OF COUNSELING

I CERTIFY that on April 19, 2011, at 7:39 o'clock PM EDT, Robert M Padula received from Credit Card Management Services, Inc., an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the Eastern District of Virginia, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted by internet.

Date:    April 19, 2011                By:    /s/Kelly Thomas

                                       Name:   Kelly Thomas

                                       Title:  Credit Counselor

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. See 11 U.S.C. §§ 109(h) and 521(b).

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Eastern District of Virginia

In re    Robert Padula
         Deborah Padula

_____
                        Debtor(s)

Case No. _____

Chapter    13

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                                    Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    /s/ Deborah Padula

                        Deborah Padula

Date:    April 22, 2011

Certificate Number: 03621-VAE-CC-014589609



03621-VAE-CC-014589609

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>April 19, 2011</u>, at <u>7:39</u> o'clock <u>PM EDT</u>, <u>Deborah S Padula</u> received from <u>Credit Card Management Services, Inc.</u>, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the <u>Eastern District of Virginia</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet</u>.

Date:    <u>April 19, 2011</u>            By:      <u>/s/Kelly Thomas</u>

                                         Name:   <u>Kelly Thomas</u>

                                         Title:    <u>Credit Counselor</u>

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

AMERICAN HOME MTG SVCI
1525 S BELT LINE RD
COPPELL TX 75019


AMERICAS SERVICING CO
PO BOX 10328
DES MOINES IA 50306


CAP ONE
PO BOX 85520
RICHMOND VA 23285


CBE GROUP
1309 TECHNOLOGY PKWY
CEDAR FALLS IA 50613


FREDERICKSBURG CR BUR
10506 WAKEMAN DR
FREDERICKSBURG VA 22407


GEMB/GE MONEY BANK LOW
PO BOX 103065
ROSWELL GA 30076


GEMB/VAUGHAN BASSETT
950 FORRER BLVD
KETTERING OH 45420


GLASSER & GLASSER, PLC
PO BOX 3400
NORFOLK VA 23514


LVNV FUNDING LLC
PO BOX 740281
HOUSTON TX 77274


NAVY FEDERAL CR UNION
PO BOX 3700
MERRIFIELD VA 22119


PENDER & COWARD
SJ ZECCA ESQ.
222 CENTRAL PARK AVENUE
VIRGINIA BEACH VA 23462

SHAPIRO & BURSON, LLP
13153 LEE JACKSON HIGHWAY
SUITE 201
FAIRFAX VA 22033


THD/CBSD
PO BOX 6497
SIOUX FALLS SD 57117


U S A FUNDS
PO BOX 6180
INDIANAPOLIS IN 46206


VERIZON VIRGINIA INC
500 TECHNOLOGY DR
WELDON SPRING MO 63304


VERIZON WIRELESS
1 VERIZON PL
ALPHARETTA GA 30004


WELLS FARGO BANK
PO BOX 10438
DES MOINES IA 50306


WELLS FARGO BANK NV NA
PO BOX 31557
BILLINGS MT 59107

# EXHIBIT B

B6B (Official Form 6B) (12/07)

In re    **Robert Padula,**
**Deborah Padula**

Case No.    **11-12985**

Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | checking account with Wachovia, account number ending xxxx1069 | J | 2,600.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | Furniture and furnishings for home in Virginia, including 3 bedroom sets, two tv's, two couches, three chairs, dining room table, hutch, dining room chairs, tv stand; computer, desk, chair, overhead lamp, desk lamp, dishes, glasses, utensils\n\nlocation:\n109 Stratford Place, Stafford, Virginia 22556 | J | 4,000.00 |
| | | | furniture and furnishings for home located in South Carolina including dining room table and chairs, two tv's, two sofas, three recliners, four large chairs, two foot stools, one large wall mirror, three beds, two bunk beds, five dressers, six night stands, six lamps, one entertainment center, two hutches.\n\nlocation: 1027 Plantation Road, Greer, South Carolina 29651 | J | 3,000.00 |
| | | | one lawn tractor | J | 600.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | family photos | J | 0.00 |

A TRUE COPY TESTE:
WILLIAM C. REDDEN CLERK

BY: _____
DEPUTY CLERK

Sub-Total >    10,200.00
(Total of this page)

**3** continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Robert Padula,**
**Deborah Padula**                                                    Case No.    **11-12985**

_____
Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 6.  Wearing apparel. | | **clothing** | J | **500.00** |
| 7.  Furs and jewelry. | | **engagement and wedding rings** | J | **4,000.00** |
| | | **father's retirement watch** | J | **400.00** |
| 8.  Firearms and sports, photographic, and other hobby equipment. | | **one 22 pistol, one 45 military pistol** | J | **300.00** |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Mutual of Omaha of Nebraska funeral expense insurance policy, no cash surrender value** | H | **0.00** |
| | | **USAA term life insurance policy; 100,000 death benefit; no cash surrender value** | W | **0.00** |
| | | **American National Insurance Company term life insurance policy, no cash surrender value** | H | **0.00** |
| 10.  Annuities. Itemize and name each issuer. | X | | | |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **TSP through federal government, account number ending xxxx8882** | W | **130,221.64** |
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15.  Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16.  Accounts receivable. | X | | | |
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |

Sub-Total >    **135,421.64**
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Robert Padula,**                                      Case No. _____**11-12985**_____
         **Deborah Padula,**
_____
                    Debtors
## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2000 BMW 7 series 740iL Sedan, 210,000 miles, fair condition | H | 3,800.00 |
| | | 1995 Ford F150 Super Cab Short Bed Truck, 160,000 miles, excellent condition | H | 1,475.00 |
| | | 2000 Chrysler LHS 4 door, 103,000 miles, good condition | W | 5,100.00 |

Sub-Total >    **10,375.00**
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                      Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Robert Padula,**
          **Deborah Padula**                                      Case No.    **11-12985**
_____
                               Debtors
## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **1998 Jeep Grand Cherokee Laredo Sport Utility 4 door, 146,000 miles, excellent condition** | J | **2,525.00** |
| | | **location: 1027 Plantation Road, Greer, South Carolina 29651** | | |
| | | **1982 motorcycles, taken apart** | H | 0.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | **two dogs, one cat** | J | 0.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

| | |
|---|---|
| Sub-Total > | 2,525.00 |
| (Total of this page) | |
| Total > | 158,521.64 |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/10)

In re  **Robert Padula,**
    **Deborah Padula**

Case No.   **11-12985**

Debtors

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| checking account with Wachovia, account number ending xxxx1069 | Va. Code Ann. § 34-4 | 2,600.00 | 2,600.00 |
| **Household Goods and Furnishings** | | | |
| Furniture and furnishings for home in Virginia, including 3 bedroom sets, two tv's, two couches, three chairs, dining room table, hutch, dining room chairs, tv stand; computer, desk, chair, overhead lamp, desk lamp, dishes, glasses, utensils | Va. Code Ann. § 34-26(4a) | 4,000.00 | 4,000.00 |
| location: 109 Stratford Place, Stafford, Virginia  22556 | | | |
| furniture and furnishings for home located in South Carolina including dining room table and chairs, two tv's, two sofas, three recliners, four large chairs, two foot stools, one large wall mirror, three beds, two bunk beds, five dressers, six night stands, six lamps, one entertainment center, two hutches. | Va. Code Ann. § 34-26(4a) | 3,000.00 | 3,000.00 |
| location: 1027 Plantation Road, Greer, South Carolina  29651 | | | |
| one lawn tractor | Va. Code Ann. § 34-4 | 600.00 | 600.00 |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| family photos | Va. Code Ann. § 34-4 | 0.00 | 0.00 |
| **Wearing Apparel** | | | |
| clothing | Va. Code Ann. § 34-26(4) | 500.00 | 500.00 |
| **Furs and Jewelry** | | | |
| engagement and wedding rings | Va. Code Ann. § 34-26(1a) | 4,000.00 | 4,000.00 |
| father's retirement watch | Va. Code Ann. § 34-4 | 400.00 | 400.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| one 22 pistol, one 45 military pistol | Va. Code Ann. § 34-4 | 300.00 | 300.00 |
| **Interests in Insurance Policies** | | | |
| Mutual of Omaha  of Nebraska funeral expense insurance policy, no cash surrender value | Va. Code Ann. § 34-4 | 0.00 | 0.00 |
| USAA term life insurance policy; 100,000 death benefit; no cash surrender value | Va. Code Ann. § 34-4 | 0.00 | 0.00 |
| American National Insurance Company term life insurance policy, no cash surrender value | Va. Code Ann. § 34-4 | 0.00 | 0.00 |

A TRUE COPY TESTE:
WILLIAM C. REDDEN CLERK

BY: _____
DEPUTY CLERK

   **1**   continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6C (Official Form 6C) (4/10) -- Cont.

In re   **Robert Padula,**
        **Deborah Padula**

Case No.   **11-12985**

Debtors

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| TSP through federal government, account number ending xxxx8882 | Va. Code Ann. § 34-34 | 130,221.64 | 130,221.64 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| 2000 BMW 7 series 740iL Sedan, 210,000 miles, fair condition | Va. Code Ann. § 34-26(8) | 2,000.00 | 3,800.00 |
| | Va. Code Ann. § 34-4 | 1,800.00 | |
| 1995 Ford F150 Super Cab Short Bed Truck, 160,000 miles, excellent condition | Va. Code Ann. § 34-4 | 1,475.00 | 1,475.00 |
| 2000 Chrysler LHS 4 door, 103,000 miles, good condition | Va. Code Ann. § 34-26(8) | 600.00 | 5,100.00 |
| 1998 Jeep Grand Cherokee Laredo Sport Utility 4 door, 146,000 miles, excellent condition | Va. Code Ann. § 34-26(8) | 700.00 | 2,525.00 |
| | Va. Code Ann. § 34-4 | 1,825.00 | |
| location: 1027 Plantation Road, Greer, South Carolina  29651 | | | |
| 1982 motorcyles, taken apart | Va. Code Ann. § 34-4 | 0.00 | 0.00 |
| **Animals** | | | |
| two dogs, one cat | Va. Code Ann. § 34-26(5) | 0.00 | 0.00 |

Total:     154,021.64     158,521.64

Sheet   1   of   1   continuation sheets attached to the Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

# EXHIBIT C

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Eastern District of Virginia

In re   Robert Padula
       Deborah Padula

Case No.   11-12985

                        Debtor(s)

Chapter    13

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $0.00 | 2010: Husband Employment Income |
| $150,000.00 | 2009: Husband Employment Income |
| $42,343.20 | 2011 YTD: Wife Employment Income |
| $105,000.00 | 2010 Wife Employment Income |
| $105,000.00 | 2009 Wife Employment Income |

A TRUE COPY TESTE:
WILLIAM C. REDDEN CLERK

BY: _____
DEPUTY C

2

---

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $14,500.00 | 2011 YTD: Husband pension/social security |
| $27,600.00 | 2010: Husband pension/social security |

---

**3. Payments to creditors**

None
☐

*Complete a. or b., as appropriate, and c.*

a.   *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Wells Fargo 8480 Stagecoach Circle Frederick, MD 21701 | May 2011 | $2,444.98 | $381,000.00 |

None
■

b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| LVNV Funding v. Padula | warrant in debt | Stafford County General District Court | pending |
| DLA v. Padula, Case number V11-1668 | warrant in debt | Stafford County General District Court | pending |

---

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3

None
■    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 5. Repossessions, foreclosures and returns

None
■    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 6. Assignments and receiverships

None
■    a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None
■    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

### 7. Gifts

None
■    List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

### 8. Losses

None
■    List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

4

### 9. Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Credit Card Management Services, Inc.** | **May 2011** | $50.00 |

### 10. Other transfers

None
■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None
■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

### 12. Safe deposit boxes

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

5

---

**14.  Property held for another person**

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

---

**15.  Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

---

**16.  Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

---

6

### 18 . Nature, location and name of business

None ■
a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None ■
b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None ■
a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

None ■
b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None ■
c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

None ■
d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

**20. Inventories**

None ■  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
| --- | --- | --- |

None ■  b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
| --- | --- |

**21 . Current Partners, Officers, Directors and Shareholders**

None ■  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
| --- | --- | --- |

None ■  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
| --- | --- | --- |

**22 . Former partners, officers, directors and shareholders**

None ■  a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
| --- | --- | --- |

None ■  b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
| --- | --- | --- |

**23 . Withdrawals from a partnership or distributions by a corporation**

None ■  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**24. Tax Consolidation Group.**

None ■  If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

8

**25. Pension Funds.**

None ■    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                               TAXPAYER IDENTIFICATION NUMBER (EIN)

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   **May 5, 2011**                 Signature   **/s/ Robert Padula**
                                                  **Robert Padula**
                                                  Debtor

Date   **May 5, 2011**                 Signature   **/s/ Deborah Padula**
                                                  **Deborah Padula**
                                                  Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# EXHIBIT D

## U.S. Bankruptcy Court
## Eastern District of Virginia (Alexandria)
## Bankruptcy Petition #: 11-12985-BFK

| | |
|---|---|
| *Assigned to:* Brian F. Kenney | *Date filed:* 04/22/2011 |
| Chapter 13 | *Plan confirmed:* 12/15/2011 |
| Voluntary | *341 meeting:* 05/24/2011 |
| Asset | |

**Debtor**
**Robert Padula**
109 Stratford Place
Stafford, VA 22556
STAFFORD-VA
SSN / ITIN: xxx-xx-3302

represented by **Martin C. Conway**
Martin Conway Law Firm PC
12934 Harbor Drive
Suite 108
Woodbridge, VA 22192
855-848-3011
Email: mconway@conwaylawpc.com

**Joint Debtor**
**Deborah Padula**
109 Stratford Place
Stafford, VA 22556
STAFFORD-VA
SSN / ITIN: xxx-xx-5457

represented by **Martin C. Conway**
(See above for address)

**Trustee**
**Thomas P. Gorman**
300 N. Washington St. Ste. 400
Alexandria, VA 22314
(703) 836-2226

A TRUE COPY TESTE:
WILLIAM C. REDDEN CLERK

BY: _____

DEPUTY CLERK

| Filing Date | # | Docket Text |
|---|---|---|
| 04/22/2011 | 1<br>(11 pgs) | Voluntary Petition under Chapter 13 Filed by Martin C. Conway of Pesner Kawamoto Conway, PLC on behalf of Robert Padula, Deborah Padula. (Conway, Martin) |
| 04/22/2011 | 2 | U.S. Treasury receipt of Voluntary Petition under Chapter 13(11-12985) [misc,1188] ( 274.00) filing fee. Receipt number 12191692, amount $ 274.00. (U.S. Treasury) |
| | 3 | Meeting of Creditors: 05/24/2011, 02:30 PM, Office of the U.S. Trustee, 115 South Union Street, Suite 206, Alexandria, Virginia. Proofs of Claim due by 08/22/2011. Government Proofs of Claim due by |

| | | |
|---|---|---|
| 04/23/2011 | | 10/19/2011. Confirmation hearing: 06/29/2011, 01:30 PM, Judge Mitchell's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. Interim Trustee: Thomas P. Gorman. |
| 04/25/2011 | ○ 4 | LBR 1007-1 Schedule(s) and/or Statement and 3015-2 Chapter 13 Plan and Related Motions Deficiency; Plan Due 5/6/2011. Incomplete Filings due by 5/6/2011. (Cooper, Ginny) |
| 04/27/2011 | ○ 5 (5 pgs) | Notice of Meeting of Creditors (Re: related document(s) 3 Auto Assign Meeting of Creditors Chapter 13) (Admin.) (Entered: 04/28/2011) |
| 04/27/2011 | ○ 6 (2 pgs) | Notice of Electronic Filing Procedure (Admin.) (Entered: 04/28/2011) |
| 04/27/2011 | ○ 7 (2 pgs) | Notice of LBR 1007-1 and LBR 3015-2 Deficiency (Re: related document(s) 4 LBR 1007-1, and/or 1007-3, and/or 3015 Case Filing/Plan Deficiency) (Admin.) (Entered: 04/28/2011) |
| 04/27/2011 | ○ 8 (2 pgs) | Notice of Requirement to Complete Course in Personal Financial Management and to File Certification. (Admin.) (Entered: 04/28/2011) |
| 04/29/2011 | ○ 9 (2 pgs) | Request for Notice/Service filed by Hilary B. Bonial of Brice, Vander Linden & Wernick, P.C. on behalf of American Home Mortgage Servicing, Inc.. (Bonial, Hilary) |
| 05/05/2011 | ○ 10 (45 pgs) | Schedule(s) and/or Statement(s), Lists - Additional Creditors - (Re: related document(s) 4 LBR 1007-1, and/or 1007-3, and/or 3015 Case Filing/Plan Deficiency) filed by Martin C. Conway of Pesner Kawamoto Conway, PLC on behalf of Deborah Padula, Robert Padula. (Conway, Martin) |
| 05/05/2011 | 11 | U.S. Treasury receipt of Schedule(s) and/or Statement(s), Lists Filed(11-12985-SSM) [misc,2011] ( 26.00) filing fee. Receipt number 12250023, amount $ 26.00. (U.S. Treasury) |
| | ○ 12 (1 pg) | Notice to Creditor(s) Re: Amendment filed by Martin C. Conway of Pesner Kawamoto Conway, PLC on behalf of Deborah Padula, Robert Padula. |

| 05/05/2011 | | (Conway, Martin) |
|---|---|---|
| 05/05/2011 | ○ 13<br>(14 pgs) | Chapter 13 Plan and Related Motions and Special Notice to Secured Creditor(s) Wells Fargo Bank filed by Martin C. Conway of Pesner Kawamoto Conway, PLC on behalf of Deborah Padula, Robert Padula. (Conway, Martin) |
| 05/25/2011 | ○ 14<br>(1 pg) | Trustee's Certification of Completion of Postpetition Instructional Course Concerning Personal Financial Management filed by Thomas P. Gorman. (Gorman) |
| 05/27/2011 | ○ 15<br>(2 pgs) | Trustee's Objection to Confirmation of Chapter 13 Plan, Notice of Objection to Confirmation of Plan and Notice of Scheduled Hearing on this Objection*Violation of 11 U.S.C. 1325(a)(9), Violation of the feasibility provisions of 11 U.S.C. 1325(a)(6), Violation of 11 U.S.C. 1322(b)(1), and Violation of 11 U.S.C. 1325(a)(5)* (Re: related document(s)13 Chapter 13 Plan and Related Motions filed by Robert Padula, Deborah Padula) Filed by Thomas P. Gorman Hearing scheduled 6/29/2011 at 01:30 PM at Judge Mitchell's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. (Gorman) |
| 06/29/2011 | ○ 16 | Hearing held - Confirmation Denied; Order to be entered(Re: related document(s)15 Objection to Confirmation of Chapter 13 Plan, Notice of Objection to Confirmation of Plan and Notice of Scheduled Hearing on this Objection filed by Thomas P. Gorman)(Appearances by: James Tsai/Dbt) (Lawson, Tawanna) (Entered: 06/30/2011) |
| 06/30/2011 | ○ 17<br>(1 pg) | Order Denying Confirmation of Plan (Re: related document(s)13 Denying Chapter 13 Plan and Related Motions filed by Robert Padula, Deborah Padula) Document Pursuant to LBR 3015-2 Due 7/21/2011. (Douglass, Elizabeth) |
| 07/02/2011 | ○ 18<br>(2 pgs) | BNC certificate of mailing of order (Re: related document(s)17 No action taken on Order Denying Confirmation of Plan) (Admin.) (Entered: 07/03/2011) |
| | ○ 19<br>(1 pg) | Notice of Appearance filed by Cheran Denise Cordell of Shapiro & Burson on behalf of DEUTSCHE BANK NATIONAL TRUST |

| | | |
|---|---|---|
| 07/19/2011 | | COMPANY, AS TRUSTEE FOR MORGAN STANLEY HOME EQUITY LOAN TRUST 2006-3. (Cordell, Cheran) |
| 07/19/2011 | ● 20 (26 pgs; 4 docs) | Motion for Relief from Stay Re: 109 STRATFORD PLACE, STAFFORD, VA 22556 filed by Cheran Denise Cordell of Shapiro & Burson on behalf of DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY HOME EQUITY LOAN TRUST 2006-3. Hearing scheduled 8/17/2011 at 09:30 AM at Judge Mitchell's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. (Attachments: 1 Exhibit(s) DEED OF TRUST2 Exhibit(s) NOTE3 Exhibit(s) TAX ASSESSMENT) (Cordell, Cheran) |
| 07/19/2011 | 21 | U.S. Treasury receipt of Motion for Relief from Stay (11-12985-SSM) [motion,185] ( 150.00) filing fee. Receipt number 12584577, amount $ 150.00. (U.S. Treasury) |
| 07/21/2011 | ● 22 (13 pgs) | Amended Schedule(s) and/or Statement(s) Filed: Summary of Schedules, Statistical Summary of Certain Liabilities, Schedule D, Schedule F, Schedule I, Schedule J, filed by Martin C. Conway of Pesner Kawamoto Conway, PLC on behalf of Deborah Padula, Robert Padula. (Conway, Martin) |
| 07/21/2011 | 23 | U.S. Treasury receipt of Amended Schedule(s) and/or Statement(s), List(s)(11-12985-SSM) [misc,2011amd] ( 26.00) filing fee. Receipt number 12598194, amount $ 26.00. (U.S. Treasury) |
| 07/21/2011 | ● 24 (11 pgs) | Statement of Current Monthly Income and Disposable Income Calculation filed by Martin C. Conway of Pesner Kawamoto Conway, PLC on behalf of Deborah Padula, Robert Padula. (Conway, Martin) |
| | ● 25 (14 pgs) | Amended/Modified Chapter 13 Plan and Related Motions and Special Notice to Secured Creditor(s) Wells Fargo Bank NV VA (Re: related document(s) 13 Chapter 13 Plan and Related Motions filed by Robert Padula, Deborah Padula) filed by Martin C. Conway of Pesner Kawamoto Conway, PLC on behalf of Deborah Padula, Robert Padula. Confirmation Hearing to be held on 9/14/2011 at |

| 07/21/2011 | | 01:30 PM at Judge Mitchell's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. Objections to Plan due by 9/7/2011. (Conway, Martin) |
|---|---|---|
| 07/24/2011 | 26 (4 pgs) | Trustee's Answer *to Motion for Relief from Stay* (Re: related document(s)20 Motion for Relief from Stay filed by DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY HOME EQUITY LOAN TRUST 2006-3) filed by Thomas P. Gorman. (Gorman) |
| 08/15/2011 | 27 (44 pgs; 5 docs) | Adversary case 11-01456. Complaint against Wells Fargo Bank, NA (Fee Amount of $250 is Deferred) filed by Robert Padula, Deborah Padula. (Attachments: 1 Exhibit(s) A - Deed2 Exhibit(s) B - Appraisal3 Exhibit(s) C - First Deed of Trust4 Exhibit(s) D - Second Deed of Trust) Nature of Suit: (21 (Validity, priority or extent of lien or other interest in property)) Associated Bankruptcy Case Number: 1:11-bk-12985 (Conway, Martin) |
| 08/15/2011 | 28 (4 pgs) | Response to (Re: related document(s)20 motion Motion for Relief from Stay filed by DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY HOME EQUITY LOAN TRUST 2006-3) filed by Martin C. Conway of Pesner Kawamoto Conway, PLC on behalf of Deborah Padula, Robert Padula. (Conway, Martin) |
| 08/15/2011 | 29 (4 pgs) | Objection to Confirmation of Chapter 13 Plan, Notice of Objection to Confirmation of Plan and Notice of Scheduled Hearing on this Objection (Re: related document(s)25 Amended/Modified Chapter 13 Plan and Related Motions filed by Robert Padula, Deborah Padula) Filed by Robert K. Coulter of Office of the US Attorney on behalf of United States of America Hearing scheduled 9/14/2011 at 09:30 AM at Judge Mayer's Courtroom, 200 South Washington Street, 3rd Floor, Courtroom III, Alexandria, VA. (Coulter, Robert) |
| | 30 | Hearing continued (Re: related document(s)20 Motion for Relief from Stay filed by DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY HOME EQUITY LOAN TRUST 2006-3) Hearing |

| | | |
|---|---|---|
| 08/17/2011 | | scheduled 9/21/2011 at 09:30 AM at Judge Mitchell's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. (Appearances by: Greg Britto/Deutsche Bk) (Lawson, Tawanna) |
| 08/22/2011 | 31 (4 pgs) | Amended Objection to Confirmation of Chapter 13 Plan, Notice of Objection to Confirmation of Plan and Notice of Scheduled Hearing on this Objection (Re: related document(s)29 Objection to Confirmation of Chapter 13 Plan, Notice of Objection to Confirmation of Plan and Notice of Scheduled Hearing on this Objection filed by United States of America) Filed by Robert K. Coulter of Office of the US Attorney on behalf of United States of America Hearing scheduled 9/14/2011 at 01:30 PM at Judge Mayer's Courtroom, 200 South Washington Street, 3rd Floor, Courtroom III, Alexandria, VA. (Coulter, Robert) |
| 08/22/2011 | 32 (35 pgs; 5 docs) | Motion for Relief from Stay Re: 1027 Plantation Road, Greer, SC 29651 (BGWW #135968) filed by Stephen B Wood of Bierman, Geesing & Ward, LLC on behalf of Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2006-3. Hearing scheduled 9/21/2011 at 09:30 AM at Judge Mitchell's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. (Attachments: 1 Exhibit(s) Mortgage2 Exhibit(s) Note3 Exhibit(s) Arrearage Worksheet4 Notice of Motion Notice of Hearing) (Wood, Stephen) |
| 08/22/2011 | 33 | U.S. Treasury receipt of Motion for Relief from Stay (11-12985-SSM) [motion,185] ( 150.00) filing fee. Receipt number 12732010, amount $ 150.00. (U.S. Treasury) |
| 08/24/2011 | 34 (4 pgs) | Trustee's Answer to Motion for Relief from Stay (Re: related document(s)32 Motion for Relief from Stay filed by Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2006-3) filed by Thomas P. Gorman. (Gorman) |
| | 35 (2 pgs) | Trustee's Objection to Confirmation of Chapter 13 Plan, Notice of Objection to Confirmation of Plan and Notice of Scheduled Hearing on this |

| | | |
|---|---|---|
| 08/25/2011 | | Objection*Violation of the feasibility provisions of 11 U.S.C. 1325(a)(6)* (Re: related document(s)25 Amended/Modified Chapter 13 Plan and Related Motions filed by Robert Padula, Deborah Padula) Filed by Thomas P. Gorman Hearing scheduled 9/14/2011 at 01:30 PM at Judge Mitchell's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. (Gorman) |
| 09/01/2011 | ●36 | Reassignment of Case to Honorable Brian F. Kenney, (Swinton, Rachel) |
| 09/07/2011 | ●37 (6 pgs) | Consent Order Modifying Automatic Stay on behalf of Deutsche Bank National Trust (Related Doc # 20) (Douglass, Elizabeth) |
| 09/09/2011 | ●38 (7 pgs) | BNC certificate of mailing of order (Re: related document(s)37 Order on Motion for Relief from Stay) (Admin.) (Entered: 09/10/2011) |
| 09/14/2011 | ●39 | Hearing held:Confirmation denied;Order to be entered (Re: related document(s)35 Objection to Confirmation of Chapter 13 Plan, Notice of Objection to Confirmation of Plan and Notice of Scheduled Hearing on this Objection filed by Thomas P. Gorman)(Apppearances:Thomas Gorman/TR) (Chandler, Kimberly) (Entered: 09/15/2011) |
| 09/14/2011 | ●40 | Hearing held:Settled;Order to be submitted (Re: related document(s)31 Objection to Confirmation of Chapter 13 Plan, Notice of Objection to Confirmation of Plan and Notice of Scheduled Hearing on this Objection filed by United States of America)(Apppearances:Thomas Gorman/TR) (Chandler, Kimberly) (Entered: 09/15/2011) |
| 09/20/2011 | ●41 (1 pg) | Order Denying Confirmation of Plan (Re: related document(s)25 Denying Amended/Modified Chapter 13 Plan and Related Motions filed by Robert Padula, Deborah Padula) Document Pursuant to LBR 3015-2 Due 10/11/2011. (Douglass, Elizabeth) |
| | ●42 (2 pgs) | Consent Order (Re: related document(s)31 Objection to Confirmation of Chapter 13 Plan, Notice of Objection to Confirmation of Plan and Notice of Scheduled Hearing on this Objection filed |

| | | |
|---|---|---|
| 09/20/2011 | | by United States of America) (Douglass, Elizabeth) |
| 09/21/2011 | ● 43<br>(5 pgs) | Consent Order Modifying Automatic Stay on behalf of Deutsche Bank National Trust Company (Related Doc # 32) (Douglass, Elizabeth) |
| 09/21/2011 | ● 44 | Hearing Cancelled:REMOVED/ORDER TO BE ENTERED (Re: related document(s)32 Motion for Relief from Stay filed by Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2006-3) (Chandler, Kimberly) |
| 09/21/2011 | ● 45 | Hearing Cancelled:REMOVED/ORDER ENTERED 9/7/2011(Re: related document(s)20 Motion for Relief from Stay filed by DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY HOME EQUITY LOAN TRUST 2006-3) (Chandler, Kimberly) |
| 09/22/2011 | ● 46<br>(2 pgs) | BNC certificate of mailing of order (Re: related document(s)41 No action taken on Order Denying Confirmation of Plan) (Admin.) (Entered: 09/23/2011) |
| 09/22/2011 | ● 47<br>(3 pgs) | BNC certificate of mailing of order (Re: related document(s)42 Order Directing) (Admin.) (Entered: 09/23/2011) |
| 09/23/2011 | ● 48<br>(6 pgs) | BNC certificate of mailing of order (Re: related document(s)43 Order on Motion for Relief from Stay) (Admin.) (Entered: 09/24/2011) |
| 10/05/2011 | ● 49<br>(2 pgs) | Request for Notice/Service filed by Hilary B. Bonial of Brice, Vander Linden & Wernick, P.C. on behalf of America's Servicing Company.(Bonial, Hilary) |
| | ● 50<br>(16 pgs) | Third Amended/Modified Chapter 13 Plan and Related Motions and Special Notice to Secured Creditor(s) Wells Fargo Bank NA (Re: related document(s)25 Amended/Modified Chapter 13 Plan and Related Motions filed by Robert Padula, Deborah Padula) filed by Martin C. Conway of Pesner Kawamoto Conway, PLC on behalf of Deborah Padula, Robert Padula. Confirmation Hearing to be held on 11/30/2011 at 01:30 PM at Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. |

| | | |
|---|---|---|
| 10/07/2011 | | Objections to Plan due by 11/23/2011. (Conway, Martin) |
| 10/14/2011 | ● 51 (2 pgs) | Trustee's Objection to Confirmation of Chapter 13 Plan, Notice of Objection to Confirmation of Plan and Notice of Scheduled Hearing on this Objection*Violation of the feasibility provisions of 11 U.S.C. 1325(a)(6) and Violation of the Good Faith provisions of 11 U.S.C. 1325(a)(3)* (Re: related document(s)50 Amended/Modified Chapter 13 Plan and Related Motions filed by Robert Padula, Deborah Padula) Filed by Thomas P. Gorman Hearing scheduled 11/30/2011 at 01:30 PM at Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. (Gorman) |
| 10/20/2011 | ● 52 | Verification of Claims Register Upon Expiration of Claims Deadline (Douglass, Elizabeth) |
| 11/07/2011 | ● 53 (12 pgs) | Amended/Modified Chapter 13 Plan and Related Motions (Re: related document(s)50 Amended/Modified Chapter 13 Plan and Related Motions filed by Robert Padula, Deborah Padula) filed by Martin C. Conway of Pesner Kawamoto Conway, PLC on behalf of Deborah Padula, Robert Padula. Confirmation Hearing to be held on 12/14/2011 at 01:30 PM at Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. Objections to Plan due by 12/7/2011. (Conway, Martin) |
| 11/08/2011 | ● 54 | Adversary Proceeding Closed, 11-01456-BFK; Judgment Entered by Default. (Re: related document (s)27 Complaint filed by Robert Padula, Deborah Padula) (Douglass, Elizabeth) |
| 11/30/2011 | ● 55 | Hearing Cancelled - Removed/Amended Plan filed (Re: related document(s)51 Objection to Confirmation of Chapter 13 Plan, Notice of Objection to Confirmation of Plan and Notice of Scheduled Hearing on this Objection filed by Thomas P. Gorman) (Lawson, Tawanna) |
| | ● 56 (3 pgs) | Trustee's Objection to Confirmation of Chapter 13 Plan, Notice of Objection to Confirmation of Plan and Notice of Scheduled Hearing on this Objection*Violation of the feasibility provisions of 11 U.S.C.1325(a)(6)* (Re: related document(s)53 |

| | | |
|---|---|---|
| 12/02/2011 | | Amended/Modified Chapter 13 Plan and Related Motions filed by Robert Padula, Deborah Padula) Hearing scheduled 12/14/2011 at 01:30 PM at Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. Filed by Thomas P. Gorman (Gorman) |
| 12/08/2011 | 57 (10 pgs; 3 docs) | Response to (Re: related document(s)56 Objection to Confirmation of Chapter 13 Plan, Notice of Objection to Confirmation of Plan and Notice of Scheduled Hearing on this Objection filed by Thomas P. Gorman) filed by Martin C. Conway of Martin Conway Law Firm PC on behalf of Deborah Padula, Robert Padula. (Attachments: # 1 Exhibit(s) A# 2 Exhibit(s) B) (Conway, Martin) |
| 12/09/2011 | 58 (1 pg) | Trustee's Withdrawal (Re: related document(s)56 Objection to Confirmation of Chapter 13 Plan, Notice of Objection to Confirmation of Plan and Notice of Scheduled Hearing on this Objection filed by Thomas P. Gorman) Filed by Thomas P. Gorman (Gorman) |
| 12/14/2011 | 61 | Hearing Cancelled Removed/Withdrawn(Re: related document(s)56 Objection to Confirmation of Chapter 13 Plan, Notice of Objection to Confirmation of Plan and Notice of Scheduled Hearing on this Objection filed by Thomas P. Gorman) (Lawson, Tawanna) (Entered: 12/15/2011) |
| 12/15/2011 | 59 (5 pgs) | Order Confirming Modified Chapter 13 Plan (Re: related document(s)53 Amended/Modified Chapter 13 Plan and Related Motions filed by Robert Padula, Deborah Padula) (Douglass, Elizabeth) |
| 12/15/2011 | 60 (3 pgs) | Order for Wage Assignment with Central Intelligence Agency for Deborah Padula. (Douglass, Elizabeth) |
| 12/17/2011 | 62 (7 pgs) | BNC certificate of mailing of order (Re: related document(s)59 Order Confirming Chapter 13 Plan) (Admin.) (Entered: 12/18/2011) |
| 12/17/2011 | 63 (5 pgs) | BNC certificate of mailing of order (Re: related document(s)60 Order for Wage Assignment) (Admin.) (Entered: 12/18/2011) |
| | 64 | Notice of Mortgage Payment Change (Claim # 20) |

| 03/23/2012 | (7 pgs) | with Certificate of Service filed by America's Servicing Company.(Gitchel, Adriane) |
|---|---|---|
| 04/01/2012 | ⬤ 65 (2 pgs) | Joint Transfer of Claim, Transfer Agreement 3001 (e) 2 Transferor: GE Money Bank (Claim No. 17) To Portfolio Recovery Associates, LLC filed by Portfolio Recovery Associates, LLC.(Garcia, Dolores) |
| 04/05/2012 | ⬤ 66 (3 pgs) | Notice of Transfer of Claim (Re: related document (s)65 Transfer of Claim filed by Portfolio Recovery Associates, LLC) (Admin.) (Entered: 04/06/2012) |
| 06/06/2012 | ⬤ 67 (2 pgs) | Transfer of Claim, Transfer Agreement 3001 (e) 2 Transferor: Navy Federal Credit Union (Claim No. 3) To JEFFERSON CAPITAL SYSTEMS LLC 3 filed by JEFFERSON CAPITAL SYSTEMS LLC. (Payment, Amy) |
| 06/06/2012 | ⬤ 68 (2 pgs) | Transfer of Claim, Transfer Agreement 3001 (e) 2 Transferor: Navy Federal Credit Union (Claim No. 4) To JEFFERSON CAPITAL SYSTEMS LLC 4 filed by JEFFERSON CAPITAL SYSTEMS LLC. (Payment, Amy) |
| 06/09/2012 | ⬤ 69 (3 pgs) | Notice of Transfer of Claim (Re: related document (s)67 Transfer of Claim filed by JEFFERSON CAPITAL SYSTEMS LLC) (Admin.) (Entered: 06/10/2012) |
| 06/09/2012 | ⬤ 70 (3 pgs) | Notice of Transfer of Claim (Re: related document (s)68 Transfer of Claim filed by JEFFERSON CAPITAL SYSTEMS LLC) (Admin.) (Entered: 06/10/2012) |
| 07/18/2012 | ⬤ 71 (9 pgs; 4 docs) | Application for Compensation for The Martin Conway Law Firm, PC as Attorney filed by Martin C. Conway of Martin Conway Law Firm PC on behalf of The Martin Conway Law Firm, PC. (Attachments: # 1 Exhibit(s) A# 2 Exhibit(s) B# 3 Proposed Order) (Conway, Martin) |
| | ⬤ 72 (2 pgs) | Notice of Hearing (Re: related document(s)71 Application for Compensation filed by The Martin Conway Law Firm, PC) filed by Martin C. Conway of Martin Conway Law Firm PC on behalf of The Martin Conway Law Firm, PC. Hearing scheduled 8/14/2012 at 01:30 PM at Judge Kenney's |

| 07/18/2012 | | Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. (Conway, Martin) |
|---|---|---|
| 07/19/2012 | ○ 73 (1 pg) | Inquiry/General Checksheet Issued to Martin C. Conway regarding Motion, Notice or Hearing ; Date, time and or location omitted or incorrect in Notice of Hearing. (Re: related document(s)72 Notice of Hearing filed by The Martin Conway Law Firm, PC) (Douglass, Elizabeth) |
| 07/19/2012 | ○ 74 (2 pgs) | Amended Notice of Hearing (Re: related document (s)71 Application for Compensation filed by The Martin Conway Law Firm, PC, 72 Notice of Hearing filed by The Martin Conway Law Firm, PC) filed by Martin C. Conway of Martin Conway Law Firm PC on behalf of The Martin Conway Law Firm, PC. Hearing scheduled 8/9/2012 at 01:30 PM at Judge Kenney's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. (Conway, Martin) |
| 07/23/2012 | ○ 75 (2 pgs) | Trustee's Response to (Re: related document(s)71 Application for Compensation filed by The Martin Conway Law Firm, PC) filed by Thomas P. Gorman. (Gorman) |
| 08/09/2012 | ○ 76 | Hearing held; motion granted; Order to be submitted Appearances : Martin C. Conway, Thomas P. Gorman (Al2) |
| 08/15/2012 | ○ 77 (3 pgs) | Order Approving Supplemental Compensation of Debtors' Counsel (Related Doc # 71) (Williams, Denise) |
| 12/22/2012 | ○ 78 (1 pg) | Transfer of Claim, Transfer Agreement 3001 (e) 2 Transferor: Granite Recovery LLC (Claim No. 9) To Midland Funding LLC filed by Midland Funding LLC by American InfoSource LP as agent.(Wails, Lovetta) |
| 12/29/2012 | ○ 79 (3 pgs) | Notice of Transfer of Claim (Re: related document (s)78 Transfer of Claim filed by Midland Funding LLC by American InfoSource LP as agent) (Admin.) (Entered: 12/30/2012) |
| | ○ 80 (1 pg) | Transfer of Claim, Transfer Agreement 3001 (e) 2 Transferor: GE Money Bank (Claim No. 18) To |

| | | |
|---|---|---|
| 04/19/2013 | | Capital Recovery V, LLC filed by Recovery Management Systems Corporation.(Singh, Ramesh) |
| 04/19/2013 | 81 (1 pg) | Transfer of Claim, Transfer Agreement 3001 (e) 2 Transferor: Verizon (Claim No. 11) To Midland Funding LLC filed by Midland Funding LLC by American InfoSource LP as agent.(Walls, Lovetta) |
| 04/21/2013 | 82 (1 pg) | Transfer of Claim, Transfer Agreement 3001 (e) 2 Transferor: Verizon Wireless (Claim No. 12) To Midland Funding LLC filed by Midland Funding LLC by American InfoSource LP as agent.(Walls, Lovetta) |
| 04/25/2013 | 83 (3 pgs) | Notice of Transfer of Claim (Re: related document (s)80 Transfer of Claim filed by Recovery Management Systems Corporation) (Admin.) (Entered: 04/26/2013) |
| 04/25/2013 | 84 (3 pgs) | Notice of Transfer of Claim (Re: related document (s)81 Transfer of Claim filed by Midland Funding LLC by American InfoSource LP as agent) (Admin.) (Entered: 04/26/2013) |
| 04/25/2013 | 85 (3 pgs) | Notice of Transfer of Claim (Re: related document (s)82 Transfer of Claim filed by Midland Funding LLC by American InfoSource LP as agent) (Admin.) (Entered: 04/26/2013) |
| 07/15/2013 | 86 (2 pgs) | Trustee's Motion to Dismiss Case *Violation of 11 U.S.C.1307(c)*, Notice of Motion & Notice of Hearing Hearing scheduled for 7/29/2013 at 01:30 PM at Judge Kenney's Courtroom, 200 South Washington Street, 3rd Floor, Courtroom III, Alexandria, VA. Filed by Thomas P. Gorman (Gorman) |
| 07/17/2013 | 87 (8 pgs) | Transfer of Claim 16, Transfer Agreement 3001 (e) 2 Transferor: Deutsche Bank National Trust Company, (Claim No. 16) To Deutsche Bank National Trust Company c/o Fee amount $25 filed by Ocwen Loan Servicing, LLC.(Lewis, Vanessa) |
| 07/17/2013 | 88 | U.S. Treasury receipt of Transfer of Claim(11-12985-BFK) [claims,740] ( 25.00) filing fee. Receipt number 17664705, amount $ 25.00. (Re: Doc#87) (U.S. Treasury) |

| | | |
|---|---|---|
| 07/21/2013 | ◗ 89<br>(3 pgs) | Notice of Transfer of Claim (Re: related document (s)87 Transfer of Claim filed by Ocwen Loan Servicing, LLC) (Admin.) (Entered: 07/22/2013) |
| 07/22/2013 | ◗ 90<br>(11 pgs) | Response to (Re: related document(s)86 Motion to Dismiss Case, Notice of Motion & Notice of Hearing filed by Thomas P. Gorman) filed by Deborah Padula, Robert Padula. (Glenn, Jillinda) |
| 07/25/2013 | ◗ 91<br>(1 pg) | Trustee's Withdrawal (Re: related document(s)86 Motion to Dismiss Case, Notice of Motion & Notice of Hearing filed by Thomas P. Gorman) Filed by Thomas P. Gorman (Gorman) |
| 07/29/2013 | ◗ 92 | Hearing Cancelled Removed/Withdrawn (related document(s): 86 Motion to Dismiss Case, Notice of Motion & Notice of Hearing) (lawsont) |

# EXHIBIT E

VIRGINIA:

### IN THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY

DEBORAH PADULA

     Plaintiff,

v.                                                              Case No. CL14-973

TERENCE GREGORY MAGUIRE

    SERVE:    8 Hampshire Court
              Stafford, VA 22554

           And

VPSI, INC.

    SERVE:    R/A: CT Corporation System
              4701 Cox Road
              Suite 285
              Glen Allen, VA 23060

           Defendants

### COMPLAINT

COMES NOW your plaintiff, Deborah Padula ("Padula"), by counsel, and moves for judgment against the Defendants, on the grounds and in the amount as hereinafter set forth:

    1.    On or about August 12, 2012, Plaintiff Padula was a passenger in a vehicle, traveling in the Commonwealth of Virginia.

    2.    At the time and place aforesaid, Defendant Terence Gregory Maguire ("Maguire") was the driver of the vehicle that caused a collision with the vehicle in which Plaintiff was a passenger.

    3.    At the same time and place, Defendant Maguire was operating a motor vehicle, while in the course and scope of his employment with Defendant VPSI, Inc., when he

*Padula v. Maguire, et al*
*Complaint*
*Page 2 of 3*

negligently caused the collision at issue.   Based upon the principles of *respondeat superior*,

Defendant VPSI, Inc.,  and/or its/their successors and/or assigns, is/are responsible for Defendant

Maguire's previously mentioned negligence and resulting damages, as set forth later in this

Complaint.

4.    At the same time and place, it was Defendant Maguire's duty to keep a proper

lookout, to keep his vehicle under proper control, to operate his vehicle at a safe and reasonable

speed under the circumstances then and there existing, to obey traffic signals, and to pay full

time and attention to his driving. Defendant Maguire failed in these and other respects and his

driving conduct constituted negligence.

5.    As a direct and proximate cause of the negligent conduct of Defendant Maguire as

aforesaid, Plaintiff Padula sustained lost wages and will sustain lost wages in the future;

sustained serious and permanent bodily injuries; incurred and will incur in the future great pain,

suffering, and inconvenience; also incurred and will incur in the future medical and other

expenses in an effort to be cured of her injuries; and finally, is not able to fully enjoy all aspects

of her life as a result of the injuries she sustained.

WHEREFORE, your Plaintiff, Deborah Padula, by counsel, seeks judgment against the

Defendants, jointly and severally, in the amount of TEN MILLION AND ZERO CENTS

($10,000,000.00), plus interest from August 12, 2012, plus the costs of this proceeding.

TRIAL BY JURY IS DEMANDED.

Deborah Padula
By Counsel

*Padula v. Maguire, et al*
*Complaint*
*Page 3 of 3*

James R. Parrish, Esquire (VSB# 43090)
Parrish Law Firm, PLLC
9214 Center Street, 3rd Floor
Manassas, VA 20110
(571) 229-1800 x203 Office
(703) 906-4229 Cell
(571) 229-1818 Fax
(703) 991-7096 eFax
*Counsel for Plaintiff*

**VIRGINIA:**

## IN THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY

**DEBORAH PADULA**                                    :

    **Plaintiff**                                              :

                                                              :

**v.**                                                          :            **Case No.: CL 14-0973**

                                                              :

**TERENCE GREGORY MAGUIRE, et al.**      :

    **Defendants**                                          :

### ORDER

THIS CAUSE came to be heard upon Motion for Summary Judgment of Defendant VPSI, Inc. pursuant to Rule 3:20 of the Virginia Supreme Court, and the Court having considered the motion, the response, and the arguments of counsel, it is

HEREBY ORDERED that Defendant's Motion for Summary Judgment is granted.

SO ORDERED this _____ day of _____, 2015.


_____
Judge of the Circuit Court

FILED

2015 JAN 20   AM 9: 09

CIRCUIT COURT CLERKS OFFICE
PRINCE WILLIAM COUNTY, VA

BY_____DEPUTY